**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza*
*Central Islip, New York 11722*

July 2, 2026

Honorable Nusrat J. Choudhury
United States District Court Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *William Ulises Mondragon Molina v. Maldonado*, et al., 26-cv-3910 (NJC)

Dear Judge Choudhury:

This Office represents Respondents in the above-referenced action, in which Petitioner William Ulises Mondragon Molina ("Petitioner") filed a Petition for a writ of habeas corpus on June 30, 2026, challenging his detention by Immigration and Customs Enforcement ("ICE). *See* Docket Entry ("DE") # 1. This letter is respectfully submitted in response to the Order entered on July 2, 2026 in which the Court directed Respondents to submit a letter by 11:59 p.m. on July 2, 2026 "confirming that Petitioner's belongings have been returned to him and the mechanism for how this was accomplished" and to "by July 7, 2026, [] file a submission with the Court addressing why Respondents' failure to comply with the terms of the Court's July 1, 2026 Order to release Petitioner with his belongings does not constitute contempt of Court." Respondents address both orders herein.

By way of background, on July 1, 2026, at 3:19 pm, ICE received notification that the Court ordered Petitioner's release along "with all of his belongings that are in Respondents' possession" by 7 p.m. *See* DE # 8; Declaration of Deportation Officer Dmitry Rousseau dated July 2, 2026 ("Rousseau Decl.") ¶ 4, attached hereto. By letter dated July 1, 2026, filed at 8:54 p.m., Respondents advised the Court that Petitioner had indeed been timely released but respectfully requested modification of the part of the Order regarding belongings in view of staffing issues, requesting until the next day, July 2. DE #9. Notably, Petitioner did not object to this requested modification. DE # 9.

On July 2, 2026, Petitioner appeared at 26 Federal Plaza, 9th Fl., New York, NY 10278 and was given all of his belongings except at least one foreign identification card ("ID"). The undersigned contacted Petitioner's counsel in the afternoon to confirm receipt of belongings. At that time, and after Petitioner had left 26 Federal Plaza, Petitioner advised his counsel that his ID

was not returned. ICE located the ID in the administrative file maintained in a different building.[1] The undersigned conferred with Petitioner's counsel and Petitioner's counsel consented to delivery of Petitioner's ID to Petitioner's home address. The undersigned provided Petitioner's counsel with the UPS label and tracking number ICE used for that mailing.

Respondents respectfully submit that no contempt is warranted. A court can find civil contempt for failure to comply with a court order if "(1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner." *See Al Herschfeld Foundation v. Margo Feiden Galleries Ltd.*, 438 F. Supp. 3d 203 (SDNY 2020); *Paramedics Electromedicina Comercial, Ltda v. GE Medical Sys. Info. Tech., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004) (considering whether the party "demonstrated a diligent attempt to comply with the district court's order in a reasonable manner.").

At the time the Court ordered Petitioner released from ICE custody at the MDC by 7 p.m., ICE's Transport and Removal Operations component located at 26 Federal Plaza had approximately three officers assigned to work at the time who were all tasked with other assignments. Rousseau Decl. ¶ 7. Transport and Removal Operations is the component responsible for arranging movement of detainees and safeguarding their property. *Id.* Therefore, it was not logistically feasible for ICE to arrange for a transport detail to transport the Petitioner's property from 26 Federal Plaza to MDC and release Petitioner before 7 p.m., and it made reasonable efforts to provide Petitioner with a method to have his belongings returned to him in light of the circumstances. Respondents did not willfully violate the Court order, but prioritized effectuating Petitioner's release by the Court's deadline.

Additionally, upon learning that ICE was unable to retrieve Petitioner's belongings from 26 Federal Plaza by 7 p.m. on July 1, 2026, Respondents timely requested modification of the Order to allow Respondents until the end of the day on July 2, 2026 to provide Petitioner with his belongings. *See* DE # 9. As noted in the request, Petitioner's was advised of the situation and did not object to the requested modification in the timing regarding property return, nor to Petitioner going to 26 Federal Plaza to retrieve his belongings. *Id.*

Civil contempt is compensatory, that is, courts can compensate a party for the damage that the offending party has caused by its contempt. *See Coleman v. Epsy*, 986 F.2d 1184 (8th Cir. 1993) (involving violation of a court order). *See also Vuitton et Fils S. A. v. Carousel Handbags*, 592 F.2d 126, 130 (2d Cir. 1979) (stating that the sanctions imposed after a finding of civil contempt serve "to remedy past noncompliance"). Here, Petitioner has received all of his belongings. Petitioner's counsel has not objected to either the pick-up from 26 Federal Plaza, nor overnight mailing of the last ID to Petitioner's home address. Petitioner has not identified any harm from going to 26 Federal Plaza, or from not having his ID overnight tonight.

---

[1] As explained in the attached Declaration of Deportation Officer Dmitry Rousseau, consistent with ICE policies, where necessary, certain identification documents are sometimes placed in the alien's administrative file for access by agency personnel during and after removal proceedings. ¶ 6. On July 1, 2026, the Petitioner's administrative file, which included Petitioner's ID, was located at 290 Broadway in the possession of ICE's Office of Principal Legal Advisor. *Id.*

Respondents respectfully request that under these circumstances, a finding of contempt is not warranted. Thank you for the Court's consideration of this submission.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: *<u>/s/ Megan J. Freismuth</u>*
Megan J. Freismuth
Assistant U.S. Attorney
(631) 715-7905
megan.freismuth@usdoj.gov

Encl. (Rousseau Decl.)
cc: (by ECF)
All Counsel of Record